## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------- x

NICOLE ROYAL, BENJAMIN
REEVE, JENNIFER RODRIGUEZ-
LOPEZ, AND JUAN SANCHEZ,
on behalf of themselves and
similarly situated employees,

          *Plaintiffs*,

          v.

HARVEST HOSPITALITIES, INC.,
HARVEST 2017, HARVEST 2051,
HARVEST 2085, HARVEST 4694,
AND SATTAR SHAIK,

          *Defendants*.

------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**CIVIL ACTION**

No. _____

**(Document Filed Electronically
on September 28, 2021)**


**Jury Trial Demanded**

### INDIVIDUAL, COLLECTIVE, AND CLASS-ACTION COMPLAINT

1.    Plaintiffs Nicole Royal, Benjamin Reeve, Jennifer Rodriguez-Lopez, and Juan Sanchez (collectively "Plaintiffs") bring this individual and collective/class action lawsuit against Defendants Harvest Hospitalities, Inc., Harvest 2017, Harvest 2051, Harvest 2085, Harvest 4694, and Sattar Shaik (collectively "Defendants") under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), the New Jersey State Wage and Hour Law, N.J. Stat. §§ 34:11-56a4 & 34:11-56a25, the New Jersey Wage Payment Law, N.J. Stat. § 34:11-58, and the common law of contract, to recover damages related to the non-payment of wages.

2.    Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3.    The actions and policies alleged to be unlawful were committed in whole or in part around Hamilton, New Jersey, where Plaintiffs worked for Defendants' centrally managed enterprise. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the District of New Jersey.

### Parties

4.    **Plaintiff Nicole Royal** resides in Toms River, New Jersey. Plaintiff Royal worked for Defendants as a server and non-server staff from in or about April 2018 until in or about December 2019.

5.      **Plaintiff Benjamin Reeve** resides in Franklin Park, New Jersey.  Plaintiff Reeve worked for Defendants as a server and non-server staff from in or about April 2019 until on or about August 30, 2019.

6.      **Plaintiff Jennifer Rodriguez-Lopez** resides in Hamilton, New Jersey.  Plaintiff Rodriguez-Lopez worked for Defendants as a server and non-server staff from on or about June 18, 2016 until on or about January 21, 2021.

7.      **Plaintiff Juan Sanchez** resides in Middletown, New Jersey. Plaintiff Sanchez worked for Defendants in a non-server staff position from on or about July 29, 2019 until on or about November 28, 2019.

8.      **Defendant Harvest Hospitalities, Inc.** (hereinafter "Defendant Harvest") is a restaurant chain operating over twenty (20) IHOP restaurants in New Jersey and nearby states.

      a.   Harvest operates IHOP restaurants in Pennsylvania, New Jersey, Maryland, and Virginia.

      b.   In New Jersey, Harvest operates IHOP restaurants designated as Stores #2017, 2051, 2085, and 4694.

9.      **Defendant Sattar Shaik** (hereinafter "Defendant Shaik") is the owner and operator of Defendant Harvest, and exercises operational control over Defendant Harvest and over issues of pay and operation of the IHOP restaurants, maintaining a registered office at 19971 Belmont Station Drive, Ashburn, VA 20147.

10.     **Harvest Entities**.  Defendant Shaik owns, and Defendant Shaik and Defendant Harvest operate four IHOP restaurants in New Jersey through a network of corporate entities (the "Harvest Entities").  The following Harvest Entities are hereby named as defendants in this complaint:  Harvest 2017, Harvest 2051, Harvest 2085, and Harvest 4694.

      a.   The Harvest Entities are corporate entities through which Defendant Shaik and/or Defendant Harvest, own and operate the more than twenty IHOP restaurants.  A list of the IHOP stores in the Harvest enterprise is attached hereto as Exhibit A.

      b.   Defendants Shaik, Harvest, and Harvest Entities (collectively, the "Defendants") are an enterprise as defined in Section 203(r) of the FLSA (the "Harvest Enterprise").

         i.   Defendants Harvest and Harvest Entities are under the common ownership and control of Defendant Shaik and are organized for the

2

common purpose of managing IHOP restaurants in New Jersey and throughout the United States.

ii. Activities at each of the IHOP restaurants owned and operated by Defendant Shaik and/or Defendant Harvest were subject to common management and the same policies and procedures, including the same policies and procedures regarding the employment of hourly workers like Plaintiffs.

iii. Each IHOP restaurant had a restaurant manager, who reported to a district manager.

iv. Each district manager, employed by Defendant Shaik and/or a corporate entity in the enterprise, oversaw multiple IHOP restaurants, each of which was usually owned (by Defendant Shaik and/or another corporate entity in the enterprise) through a corporate entity, such as "Harvest 3223 Inc." or "Harvest 3228 Inc.," for that particular IHOP restaurant.

v. The district managers reported directly to J. Poppovich, the Director of Operations for Defendant Shaik and Defendant Harvest.

vi. The district managers also reported directly to J. Gonzalez, the Human Resources Manager for Defendant Shaik and Defendant Harvest.

vii. Poppovich had operational responsibilities for the IHOP restaurants.

viii. Gonzalez had HR responsibilities for the IHOP restaurants.

ix. Poppovich and Gonzalez reported directly to Defendant Shaik, who also often gave direct instructions to Defendant Harvest managers.

11.    At all relevant times Defendants have been an enterprise engaged in interstate commerce with annual revenues more than $500,000 and have been subject to the provisions of Section 203(s)(1) of the FLSA.

12.    Defendants employ more than 400 full time employees.

13.    Defendants have combined annual revenues more than $20 million.

14.    Defendants have regularly employed individuals in the State of New Jersey.

15.    Defendants are employers within the meaning of the FLSA.  29 U.S.C. §§ 203(d), 203(e), 203(g).

3

16.    Defendants are employers within the meaning of the New Jersey State Wage and Hour Law and the New Jersey Wage Payment Law.

## Statement of Claims

17.    Plaintiffs were hourly employees who worked in the IHOP restaurants of Defendant Shaik, Defendant Harvest, and one or more of the defendant Harvest Entities.

18.    As noted above, some of the Plaintiffs were servers (paid at the tipped hourly rate plus tips) and some Plaintiffs were non-server staff (paid at an hourly rate).

19.    As used in this complaint, the term "Hourly Employees" refers collectively to the Plaintiffs and all servers and non-server staff who were employed by Defendants at Stores #2017, 2051, 2085, and/or 4694 any time since September 28, 2015, in addition to all servers and non-server staff who were employed by Defendants at Stores #2017, 2051, 2085, and/or 4694, and who filed an opt-in form under the Fair Labor Standards Act, 29 U.S.C. § 216(b), in the lawsuit captioned *Duke v. Harvest Hospitalities, Inc., et al.*, No. 2:20-cv-865 (W.D. Pa.) (the "*Duke* Opt-ins").

20.    For purposes of the applicable statute of limitations, the claims of the *Duke* Opt-ins were equitably tolled from the date of their respective opt-in forms being filed in *Duke v. Harvest Hospitalities, Inc., et al.*, through the date they were dismissed without prejudice from that action pursuant to that court's order dated September 17, 2021.

21.    There were typically around twenty (20) Hourly Employees employed at any given time at each of Defendants' stores.

22.    Plaintiffs and the other Hourly Employees were W-2 employees of the Defendants.

23.    Plaintiffs and the other Hourly Employees were and are employees within the meaning of the FLSA.

24.    Plaintiffs and the other Hourly Employees are employees within the meaning of the New Jersey State Wage and Hour Law and the New Jersey Wage Payment Law.

25.    Plaintiffs and the other Hourly Employees were non-exempt within the meaning of the FLSA and the New Jersey State Wage and Hour Law.

26.    Defendants promised that servers would be paid at the tipped hourly rate plus tips for time worked as a server, plus applicable overtime.

27.    Defendants promised that non-server staff would be paid an hourly rate (the exact rate varying among non-server staff), plus applicable overtime.

28.    Plaintiffs and the other Hourly Employees relied on the wage promises made by Defendants, and Plaintiffs and the other Hourly Employees in fact performed work for Defendants based on those promises.

29.    Defendants' promises, and Plaintiffs and the other Hourly Employees' reliance on these promises and performance based on these promises, created an enforceable contract to pay the promised wages.

30.    Plaintiffs and the other Hourly Employees were also entitled to be paid minimum wages and overtime wages in accordance with the FLSA and New Jersey law.

31.    Plaintiffs and other Hourly Employees worked overtime hours in one or more workweeks during their employment.

32.    Notwithstanding the enforceable promises to pay Plaintiffs and other Hourly Employees the promised rates for all their hours worked, and notwithstanding the legal obligation to pay minimum wages and overtime wages (one-and-one-half times the promised hourly rate), Defendants failed to pay to Plaintiffs and the other Hourly Employees their regular rate of pay for hours worked or the required overtime pay for hours worked more than 40 hours in workweeks. In some instances, Defendants also failed to pay minimum wages to Plaintiffs and the other Hourly Employees.

33.    Specifically, Defendants engaged in several practices and policies that resulted in the underpayment of promised wages, overtime wages, and minimum wages:

    a.    Defendants' restaurant managers and district managers intentionally falsified the time records of Plaintiffs and the other Hourly Employees.  The managers made these falsifications by modifying Hourly Employees' time records in Defendants' computerized timekeeping system.

    b.    Defendants' high-ranking managers (including their Head of Human Resources and Director of Operations) intentionally falsified the time records of Hourly Employees.  They made these falsifications by modifying Hourly Employees' time records in Defendants' computerized timekeeping and payroll systems.

    c.    Defendants' restaurant managers regularly ordered Hourly Employees to "clock out" of the computer system but continue working off the clock.  Defendants' restaurant managers gave these orders to comply with labor control policies and requirements set down by the Defendants.

    d.    Defendants' restaurant managers required servers to claim more in tips than they actually received, so that Defendants would not have to supplement servers' non-tip wages to satisfy the minimum wage.

e.     Defendants' restaurant managers required servers to work in a non-server, non-tipped capacity—doing so-called "side work," such as cleaning dishes, cleaning bathrooms, cleaning silverware, and so forth—for which the Servers were paid only the tipped minimum wage but without getting any tips, which amounted to work below the minimum wage.

f.     Defendants failed to pay anything at all for some employees for some pay periods.

34.     These policies and practices were undertaken at the direction of Defendant Shaik and/or upper-level managers (including Defendants' Director of Operations and Human Resources Manager), and were carried out by these managers, including at the stores where Plaintiffs and other Hourly Employees worked.

35.     These policies and practices were undertaken with the knowledge that such practices were in violation of the FLSA and the laws of New Jersey.

36.     Plaintiffs and the other Hourly Employees clocked in and clocked out each day or shift in a computer-based system by entering when they started to work, when—if at all—they took a meal break, and when they stopped working at the end of the day or shift.

37.     By making falsifications to Hourly Employees' time and payroll records, and by requiring Hourly Employees to work off the clock, Defendants unlawfully reduced the number of hours for which Hourly Employees were paid.  This resulted in non-payment of promised wages, non-payment of overtime wages (to the extent overtime hours were reduced through these practices), and, in some cases, the non-payment of minimum wages.

38.     Defendants knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that they maintain accurate records of time worked, at 29 U.S.C. § 206(a) that they pay an average weekly rate of pay for hours work that is equal to or exceeds minimum wage, and at 29 U.S.C. §207(a) that they pay at time-and-one-half the regular rate of pay for overtime worked.

39.     Defendants also knowingly violated the New Jersey State Wage and Hour Law by failing to pay the required minimum wages and overtime wages to Hourly Employees.

40.     Defendants also knowingly violated the New Jersey Wage Payment Law and the common law of contracts by breaching their contractual duty to pay Hourly Employees their promised wages.

41.     As a result of Defendants' breaches, Plaintiff and other Hourly Employees have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

42.     Defendants' violations of the FLSA, the New Jersey State Wage and Hour Law, and the New Jersey Wage Payment Law have been knowing, willful, and in reckless disregard of these laws.

## **Class/Collective Action Allegations**

43.     Plaintiffs brings their FLSA claim as a collective action pursuant to 29 U.S.C. §216(b), and bring their New Jersey State Wage and Hour Law (NJWHL), New Jersey Wage Payment Law (NJWPL), and breach of contract claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class/collective: all Hourly Employees (as defined in Paragraph 19 above).

44.     Plaintiffs' FLSA claim should proceed as a collective action because they and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

45.     Class action treatment of Plaintiffs' NJWHL, NJWPL, and breach of contract claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

46.     The class, upon information and belief, includes over 200 individuals, all of whom are readily ascertainable based on Defendants' business records and are so numerous that joinder of all class members is impracticable.

47.     Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

48.     Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

49.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' common compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

50.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## Count I: Violation of the FLSA
## Failure to Pay Overtime
## (Individual and Collective Action – Hourly Employees)

51.     Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

52.     Hourly Employees are employees of Defendants within the meaning of the FLSA.

53.     Defendants are employers within the meaning of the FLSA.

54.     Hourly Employees were promised and generally were paid an hourly rate.

55.     Hourly Employees were subjected to the policies and practices described in this complaint.

56.     Hourly Employees worked more than forty hours per week (overtime work) in one or more workweeks.

57.     Defendants have not paid overtime compensation to the Hourly Employees for all hours of overtime, as required by the FLSA.  *See* 29 U.S.C. § 207(a)(1).

58.     Defendants have not paid overtime compensation to the Hourly Employees at the proper overtime rate. *See* 29 U.S.C. § 207(a)(1).

59.     Defendants have failed to maintain accurate records of time worked by Hourly Employees.

60.     Hourly Employees are non-exempt within the meaning of the FLSA.

61.     For at least the past three years, Defendants' violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime and time-keeping requirements.

62.     Hourly Employees are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

63.     Hourly Employees are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## Count II: Violation of the NJWHL
## Failure to Pay Overtime
## (Individual and Class Action – Hourly Employees)

64.     Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

65.     Hourly Employees are employees of Defendants within the meaning of the NJWHL.

66.     Defendants are employers within the meaning of the NJWHL.

67.     Hourly Employees have been subjected to the policies and practices described in this complaint.

68.     Defendants have failed to pay Hourly Employees all the overtime wages they are due under the NJWHL.

69.     Defendants have not paid overtime compensation to Hourly Employees at the proper overtime rate under the NJWHL.

70.     Defendant's failure to maintain accurate records of time worked for Hourly Employees violates the NJWHL.

71.     Hourly Employees are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus liquidated damages, interest, attorneys' fees, and costs.

### Count III: Breach of Contract
### (Individual and Class Action – Hourly Employees)

72.     Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

73.     When Defendants hired Plaintiffs and the other Hourly Employees, Defendants made definite, clear promises to pay a certain hourly rate for hours worked.

74.     Those promises created enforceable contractual obligations.

75.     Plaintiffs and the other Hourly Employees provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendants.

76.     Despite its contractual obligation to compensate Plaintiffs and the other Hourly Employees for work performed, Defendants breached those contractual obligations when they implemented the practices and procedures described above and thus failed to pay Plaintiffs and the other Hourly Employees what they were owed.

77.     The amounts owed to Plaintiffs and the other Hourly Employees represent wages.

78.     Defendants did not have a good-faith basis on which to withhold the wages.

79.     As a result of Defendants' breaches, Plaintiffs and the other Hourly Employees have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

80.     Plaintiffs and the other Hourly Employees are entitled to damages commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from the breach.

## Count IV: Violation of the NJWPL
## (Individual and Class Action – Hourly Employees)

81.     Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

82.     Defendants' contractual obligation to pay Hourly Employees for hours worked at an agreed-upon amount created obligations under the NJWPL.

83.     The compensation Defendants failed to pay to Hourly Employees for hours worked constitutes wages.

84.     Defendants violated the NJWPL by failing to pay the promised wages.

85.     Defendants did not have any good-faith basis for withholding the promised wages.

86.     Hourly Employees are entitled to unpaid wages as well as statutory penalties, pre-judgment and post-judgment interest, attorneys' fees, and costs.

## Count V: Violation of the FLSA
## Failure to Pay Minimum Wages
## (Individual and Collective Action – Hourly Employees)

87.     Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

88.     Plaintiffs and the other Hourly Employees were subjected to the policies and practices described in this complaint.

89.     Those policies and practices resulted in the failure by Defendants to pay required minimum wages to Plaintiffs and the other Hourly Employees.  *See* 29 U.S.C. § 206(a)(1)(c).

90.     Defendants' failure to pay average hourly rates above the minimum wage violated and continues to violate the FLSA.  *See* 29 U.S.C. § 206(a)(1)(c).

91.     For at least the past three years, violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's minimum wage and time-keeping requirements.

92.     Plaintiffs and the other Hourly Employees are entitled to recover from Defendants amounts sufficient to ensure that each hourly employee was paid at a minimum wage for each workweek, plus liquidated damages, interest, attorneys' fees, and costs.

93.     Plaintiffs and the other Hourly Employees are also entitled to recover liquidated damages under 29 U.S.C. §§ 206(a) & 216(b).

## Count VI: Violation of the NJWHL
## Failure to Pay Minimum Wages
## (Individual and Class Action – Hourly Employees)

94.     Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

95.     Hourly Employees were subjected to the policies and practices described in this complaint.

96.     Those policies and practices resulted in the failure by Defendants to pay required minimum wages to Hourly Employees as required under the NJWHL.

97.     The Hourly Employees are entitled to recover from Defendants amounts sufficient to ensure that each hourly employee was paid at a minimum wage for each workweek, plus liquidated damages, interest, attorneys' fees, and costs.

## Attachments

98.     A list of the IHOP stores in the Harvest enterprise is attached hereto as Exhibit A.

99.     Consent forms of the Plaintiffs, under 29 U.S.C. § 216(b), are attached hereto as Exhibit B.

100.    Additional Hourly Worker consent forms, under 29 U.S.C. § 216(b), are attached hereto as Exhibit C.  It is anticipated that additional consent forms will be filed.

## Demand for Jury Trial

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial on all claims and matters set forth in this complaint.

## Prayer for Relief

WHEREFORE, Plaintiffs and the other Hourly Employees respectfully request that this Court:

      a.  Order Defendants to pay the unpaid overtime compensation owed to Plaintiffs and the other Hourly Employees;

      b.  Order Defendants to pay liquidated damages and statutory penalties to Plaintiffs and the other Hourly Employees;

    c.   Order Defendants to pay Plaintiffs and the other Hourly Employees for unpaid non-overtime wages;

    d.   Order Defendants to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiffs and the other Hourly Employees; and

    e.   Grant such further relief as the Court deems necessary and proper.

## CERTIFICATION

It is hereby certified that, pursuant to L.Civ.R. 11.2, that to the best of Plaintiffs counsel's knowledge, outside of the *Duke v. Harvest Hospitalities, Inc., et al.*, No. 2:20-cv-865 (W.D. Pa.) lawsuit listed above in paragraphs 19-20 and any related lawsuits that, like this, are filed by former opt-in plaintiffs to that case, the matter in controversy is not presently the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.


Dated:  September 28, 2021

                    s/ R. Andrew Santillo
                    R. Andrew Santillo, Esq. (NJ ID #025512004)
                    Mark J. Gottesfeld, Esq. (NJ ID #027652009)
                    **WINEBRAKE & SANTILLO, LLC**
                    Twining Office Center, Suite 211
                    715 Twining Road
                    Dresher, PA 19025
                    Tel:  215-884-2491/Fax:  215-884-2492
                    Email:  asantillo@winebrakelaw.com
                    Email:  mgottesfeld@winebrakelaw.com

                    Joseph H. Chivers (\**pro hac* motion forthcoming)
                    **THE EMPLOYMENT RIGHTS GROUP LLC**
                    First & Market Building
                    100 First Avenue, Suite 650
                    Pittsburgh, PA  15222
                    Tel.:  (412) 227-0763/Fax:  (412) 774-1994
                    Email:  jwc@employmentrightsgroup.com

                    Jeffrey W. Chivers (\**pro hac* motion forthcoming)
                    **Chivers LLP**
                    300 Cadman Plaza West, 12th Floor
                    Brooklyn, NY 11201
                    Tel.:  (718) 210-9826
                    Email:  jwc@chivers.com

                    *Counsel for Plaintiffs*
                    *and all others similarly situated*

## EXHIBIT A

### IHOP stores within the Harvest Hospitalities franchise

| Store# | Legal Entity | Store Address | City | State | Zip Code |
|--------|--------------|---------------|------|-------|----------|
| 568 | Harvest 568 | 110 Lincoln Hwy | Fairless Hills | PA | 19030 |
| 3402 | Harvest 3402 Inc | 5159 Route 30 East | Greensburg | PA | 15601 |
| 3403 | Harvest 3403 Inc | 9036 St. Simon Way | Pittsburgh | PA | 15237 |
| 3404 | Harvest 3404 Inc | 1661 S. Atherton Street | State College | PA | 16801-6210 |
| 3405 | Harvest 3405 Inc | 2319 Lincoln Hwy E | Lancaster | PA | 17602-1113 |
| 3406 | Harvest 3406 Inc | 108 Pauline Dr. | York | PA | 17402 |
| 3407 | Harvest 3407 Inc | 4002 Union Deposit Rd | Harrisburg | PA | 17109 |
| 3614 | Harvest 3614 Inc | 770 Kidder Street | Wilkes-Barre | PA | 18702-6911 |
| 3236 | Harvest 3236 Inc | 702 Walmart Drive | Uniontown | PA | 15401-8425 |
| 3223 | Harvest 3223 Inc | 1002 Sutherland Drive | Pittsburgh | PA | 15205 |
| 3238 | Harvest 3238 Inc | 4656 Browns Hill Road | Pittsburgh | PA | 15217 |
| 2025 | Harvest Manassas Mall | 8300 Suddley Rd | Manassas | VA | 20109 |
| 564 | Harvest Manassas | 8785 Centreville Rd | Manassas | VA | 20110 |
| 493 | Harvest 493 | 641 N Battlefield Blvd | Chesapeake | VA | 23320 |
| 591 | Harvest 591 | 1210 N Main St | Suffolk | VA | 23434 |
| 575 | Harvest 575 | 2501 Taylor Rd | Chesapeake | VA | 23321 |
| 2040 | Harvest Associates | 20009 Century Blvd | Germantown | MD | 20874 |
| 3537 | Harvest Pasadena | 8112 Ritchie Hwy | Pasadena | MD | 21122 |
| 3460 | Harvest Gambrills | 889 MD RT 3 N | Gambrills | MD | 21054 |
| 556 | Harvest Towson | 6820 Loch Raven Blvd | Towson | MD | 21286 |
| 3594 | Harvest Kent Island | 300 Abruzzi Dr | Chester | MD | 21619 |
| 3612 | Harvest Salisbury | 1309 S. Salisbury Blvd | Salisbury | MD | 21801 |
| 3627 | Harvest Ocean City | 11328 Samuel Bowen Blvd | Berlin | MD | 21811 |
| 3604 | Harvest Olney | 18147 Village Center Dr | Olney | MD | 20832 |
| 562 | Harvest 562 | 15470 Annapolis Rd | Bowie | MD | 20715 |
| 2017 | Harvest 2017 | 1759 NJ-88 | Brick | NJ | 08724 |
| 2051 | Harvest 2051 | 3077 NJ-27 | Franklin Park | NJ | 08823 |
| 2085 | Harvest 2085 | 787 NJ 33 | Hamilton | NJ | 08619 |
| 4694 | Harvest 4694 | 106 NJ-36 | Keyport | NJ | 07735 |

# Exhibit B

# CONSENT TO BECOME PARTY PLAINTIFF

## OPT-IN CONSENT FORM
*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| | |
|---|---|
| Full Name (please print): Nicole Royal | |
| Mailing Address: ▉▉▉▉▉▉▉▉▉ | Phone No. 1: ▉▉▉▉▉▉ <br><br> Phone No. 2: <br><br> Email: ▉▉▉▉▉▉▉ |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

_E8FD4195D0F7485..._

_____
(Signature)

9/27/2021
_____
(Date)

## CONSENT TO BECOME PARTY PLAINTIFF

### OPT-IN CONSENT FORM

*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| | |
|---|---|
| Full Name (please print):  Benjamin Reeve | |
| Mailing Address: ▮ | Phone No. 1: ▮<br>Phone No. 2: ▮<br>Email: ▮ |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

_____          9/28/2021
14D01BDA297B4A3...
        (Signature)                          (Date)

## CONSENT TO BECOME PARTY PLAINTIFF

## OPT-IN CONSENT FORM

*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| | |
|---|---|
| Full Name (please print): | Jennifer Rodriguez-Lopez |

| Mailing Address: | Phone No. 1: ▮▮▮▮▮ |
|---|---|
| ▮▮▮▮▮▮▮▮ | Phone No. 2: |
| | Email: ▮▮▮▮▮▮▮ |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

_____
865601A56C27498...
(Signature)

9/27/2021
_____
(Date)

## CONSENT TO BECOME PARTY PLAINTIFF

### OPT-IN CONSENT FORM

*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| | |
|---|---|
| Full Name (please print):   Juan Sanchez | |
| Mailing Address:<br><br>███████ | Phone No. 1: ███████<br><br>Phone No. 2:<br><br>Email: ███████████ |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

*Juan Sanchez*

6FE58BB628CC45C...

_____
(Signature)

9/28/2021
_____
(Date)

# Exhibit C

## CONSENT TO BECOME PARTY PLAINTIFF

### OPT-IN CONSENT FORM
*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| Full Name (please print): | York Alvarado | |
|---|---|---|
| Mailing Address: ██████████████ | Phone No. 1: ████████ | |
| | Phone No. 2: | |
| | Email: ████████████████ | |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

*York Alvarado*

A046D602CA8C42C...

_____
(Signature)

9/27/2021

_____
(Date)

## CONSENT TO BECOME PARTY PLAINTIFF

### OPT-IN CONSENT FORM

*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| Full Name (please print): | Raquel Brown | |
|---|---|---|
| Mailing Address:<br><br>███████████ | Phone No. 1: ███████ | |
| | Phone No. 2: | |
| | Email: ████████████ | |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

*Raquel Brown*

1C6691D7FBAB44E...

_____
(Signature)

9/27/2021
_____
(Date)

## CONSENT TO BECOME PARTY PLAINTIFF

### OPT-IN CONSENT FORM
*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| Full Name (please print): Jhony Campos | |
|---|---|
| Mailing Address: ██████████████ | Phone No. 1: ████████ |
| | Phone No. 2: |
| | Email: ████████████ |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

Jhony Campos
DE9C66AECDA44C8...
(Signature)

9/27/2021
(Date)

## CONSENT TO BECOME PARTY PLAINTIFF

### OPT-IN CONSENT FORM

*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| Full Name (please print): Christopher Hagerman | |
|---|---|
| Mailing Address:<br><br>■■■■■■■■ | Phone No. 1: ■■■■■■<br><br>Phone No. 2:<br><br>Email: ■■■■■■■■ |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

_____
DB2334BB23234F3...
(Signature)

9/28/2021
_____
(Date)

## CONSENT TO BECOME PARTY PLAINTIFF

### OPT-IN CONSENT FORM
*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| Full Name (please print): | Carla M. Kistner | |
|---|---|---|
| Mailing Address:<br>███████████ | Phone No. 1: ████████<br>Phone No. 2:<br>Email: ███████ | |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

Carla Kistner CMK

2EE5925F09B94CE...

_____        9/27/2021
       (Signature)                    _____
                                            (Date)

## CONSENT TO BECOME PARTY PLAINTIFF

### OPT-IN CONSENT FORM

*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*

United States District Court for the District of New Jersey

| | |
|---|---|
| Full Name (please print):  Gabrielle Lavalle | |
| Mailing Address: ███████████ | Phone No. 1: ███████ <br><br> Phone No. 2: <br><br> Email: ████████████ |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

_7ED5E4627D1A448..._

_____
(Signature)

9/27/2021

_____
(Date)

## CONSENT TO BECOME PARTY PLAINTIFF

### OPT-IN CONSENT FORM

*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| | |
|---|---|
| Full Name (please print): Ashley Lee | |
| Mailing Address: ███████████ | Phone No. 1: ████████ <br><br> Phone No. 2: <br><br> Email: ████████████ |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

*Ashley Lee*

5AEFE0F1281F4EF...

(Signature)

9/27/2021

(Date)

## CONSENT TO BECOME PARTY PLAINTIFF

### OPT-IN CONSENT FORM
*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| | |
|---|---|
| Full Name (please print):  Alejandro Reyes | |
| Mailing Address:  ▇▇▇▇▇▇▇▇▇▇ | Phone No. 1: ▇▇▇▇▇▇<br><br>Phone No. 2:<br><br>Email:  ▇▇▇▇▇▇▇▇ |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

Alejando Reyes

966AB149F9B3489...

(Signature)

9/27/2021

(Date)

## CONSENT TO BECOME PARTY PLAINTIFF

### OPT-IN CONSENT FORM

*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| | |
|---|---|
| Full Name (please print): Sierra Wallace | |
| Mailing Address: ███████████ | Phone No. 1: ████████ <br> Phone No. 2: <br> Email: ███████████ |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

_____
09FCA65DB1B34F4...
(Signature)

9/27/2021
_____
(Date)

DocuSign Envelope ID: 035F5631-7694-4FD8-8E98-507FC6AB2D07

# CONSENT TO BECOME PARTY PLAINTIFF

## OPT-IN CONSENT FORM
*Nicole Royal et al. v. Harvest Hospitalities, Inc., et al.*
United States District Court for the District of New Jersey

| Full Name (please print): | Alexa Nicole Wentworth | |
|---|---|---|
| Mailing Address: ███████████████ | Phone No. 1: ██████████ | |
| | Phone No. 2: | |
| | Email: ████████████ | |

Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I was employed by Defendant Harvest Hospitalities and/or Defendant Sattar Shaik as an hourly employee at some time since October 23, 2017, and while employed by Defendant(s) I worked more than 40 hours in at least one workweek and/or was not paid a minimum wage in at least one workweek.

3. I consent and agree to be bound by any judgment of the Court or any settlement of this lawsuit.

4. I specifically authorize Plaintiffs and their attorneys at The Employment Rights Group, LLC, Chivers LLP, and Winebrake & Santillo, LLC, as my agents to prosecute this lawsuit on my behalf and, as appropriate, to negotiate a settlement of any and all claims I have against the Defendants in this lawsuit.

DocuSigned by:

*Alexa Nicole Wentworth*
7F22C691C0FD47D...
(Signature)

9/27/2021
(Date)